UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENISE RAMIREZ, | Case No. 2:22-cv-02093-CDS-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| | **and** |
| METRO POLICE DEPARTMENT, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

## I.     Discussion

Pending before the Court are the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1) and Plaintiff's Complaint (ECF No. 1-1).  The Application to Proceed fails to include a single entry regarding Plaintiff's financial circumstances.  ECF No. 1.  The entirety of the form is blank with the exception of Plaintiff's name and Defendant's identity on page 1, and indication that Plaintiff owns a Kia Soul on page 3.  *Id.*  This form fails to provide the information necessary to determine whether Plaintiff qualifies to proceed *in forma pauperis* and for this reason the Application to Proceed Without Prepaying Fees and Costs is denied below.

Similarly, Plaintiff's Complaint, which does appear on a form Complaint for Civil Case, does not state a claim for relief.  When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts liberally construe pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Further, when considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed

in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.*  Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).

Plaintiff's allegations fails to identify a cause of action and the Court cannot discern what claim or claims it is Plaintiff seeks to assert. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).  The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. 678 (internal quotation omitted).  Plaintiff's complaint says the Las Vegas Metropolitan Police Department did her wrong, but fails to put the Department on notice of the claims against it as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-cv-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

## II.    Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court must mail to Plaintiff a blank form to proceed *in forma pauperis* together with the instructions for completing the same.

## III.    Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice.

1       IT IS FURTHER RECOMMENDED that Plaintiff be given **one** opportunity to amend her
2 Complaint to allege sufficient facts and identified causes of action against Defendant such that
3 Defendant may be able to respond to the amended complaint.

4       IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint,
5 the document must be titled "Amended Complaint."  Plaintiff is advised that if she files an amended
6 complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case.  The
7 Court cannot refer to the original complaint or any allegation therein when determining if Plaintiff
8 sufficiently states a claim in her amended complaint.  As such, the amended complaint must be
9 complete in and of itself without reference to prior pleadings or other documents.  The Court cannot
10 refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

11       IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint,
12 the amended complaint be filed no later than **January 30, 2023 together with a revised and**
13 **completed application to proceed *in forma pauperis* or, if Plaintiff so chooses, she may pay the**
14 **$402 filing fee to commence a claim in this Court.**

15       IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with the terms of these
16 Recommendations Plaintiff's action be dismissed in its entirety, but without prejudice.

17       Dated this 20th day of December, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>NOTICE</u>**

      Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).