UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Denise Ramirez,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Metro Police Department,<br><br>　　　　　　Defendant | Case No.: 2:22-cv-002093-CDS-EJY<br><br>**Order Adopting Report and Recommendation of the Magistrate Judge**<br><br>[ECF No. 3] |

　　　　On December 20, 2022, United States Magistrate Judge Elayna J. Youchah issued a report and recommendation (R&R) following a review of pro se plaintiff Denise Ramirez's complaint (ECF No. 1-1), which alleges violations against defendant Las Vegas Metropolitan Police Department, and her application to proceed *in forma pauperis* (ECF No. 1). *See generally* R&R, ECF No. 3. In the R&R, she recommends that I dismiss Ramirez's complaint without prejudice. *Id.* at 2. She further recommends that Ramirez have until January 30, 2023, to file an amended complaint setting forth sufficient facts and identifying causes of action against the defendant such that defendant may be able to respond to the amended complaint. *Id.* at 3. Ramirez's application to proceed in district court without prepaying fees or costs was DENIED without prejudice. *Id.* at 2. The deadline by which Ramirez was permitted to file objections to the R&R was January 3, 2023. *Id.* at 4; *see also* LR IB 3-2 (stating that any party wishing to object to a magistrate's findings and recommendations must file and serve their objections within fourteen days after the R&R is served). As of the date of this order, no objections have been filed. Because Ramirez has not objected to the R&R, I adopt it in its entirety.

## I. Discussion

"[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The plaintiff does not object to the R&R. While *de novo* review is not required because the plaintiff does not object to the R&R, I nevertheless conducted one here. *See* 28 U.S.C. § 636(b)(1) (permitting a district judge to accept, reject, or modify findings made by the magistrate judge). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

The plaintiff brought this lawsuit after the Las Vegas Metropolitan Police Department allegedly wronged her. *See generally* ECF No. 1-1. Magistrate Judge Youchah denied Ramirez's IFP application as incomplete but granted her leave to file a completed application or, in the alternative, to pay the filing fee. ECF No. 3 at 2. In the R&R, the magistrate judge recommends the complaint be dismissed and Ramirez be given one opportunity to file an amended complaint to allege sufficient facts and identify causes of action such that the defendant may be able to respond to the amended complaint. *Id.* at 3–4. After a *de novo* review of the complaint, the magistrate judge properly concludes that Ramirez's allegations fail to identify a cause of action. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The complaint is devoid of a cognizable claim and thus must be dismissed. Because the plaintiff does not object to the R&R and because it was not clearly erroneous or contrary to law,

I adopt the R&R in its entirety.

As set forth in the R&R, if Ramirez decides to file an amended complaint, she must do so no later than January 30, 2023. I also advise Ramirez that this will be the only opportunity to amend the complaint to allege sufficient facts and identified causes of action against the defendant. If Ramirez chooses to file an amended complaint, the document must be titled "Amended Complaint." Thus, any amended complaint must be complete, stand on its own without reference to the prior complaint, and also cure the errors identified in Magistrate Judge Youchah's R&R. An amended complaint supersedes (replaces) prior complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as nonexistent.").

## II.     Conclusion

For the reasons set forth in this order, IT IS HEREBY ORDERED that Magistrate Judge Youchah's Report and Recommendation **[ECF No. 3] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that if plaintiff seeks to amend her claims, she must file an amended complaint no later than January 30, 2023, together with a revised and completed application to proceed *in forma pauperis* or, in the alternative, the $402 filing fee.

IT IS FURTHER ORDERED that if plaintiff fails to file an amended complaint by January 30, 2023, this action will be dismissed in its entirety without prejudice.

DATED: January 10, 2023

_____
Cristina D. Silva
United States District Judge