# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Denise Ramirez,

          Plaintiff

   v.

Las Vegas Metropolitan Police Department,

          Defendant

Case No. 2:22-cv-02093-CDS-EJY

**Order Closing Case**

On January 10, 2023, I adopted the report and recommendation of United States Magistrate Judge Elayna J. Youchah dismissing plaintiff Denise Ramirez's complaint. ECF No. 4. I gave Ramirez until January 30, 2023, to file an amended complaint along with a revised application to proceed *in forma pauperis. Id.* My order explicitly warned Ramirez that failure to file an amended complaint by that date would result in the action being dismissed "in its entirety without prejudice." *Id.* at 3. To date, Ramirez has neither filed an amended complaint nor filed any motion to reconsider my prior order. Consequently, I consider the factors bearing on whether to dismiss Ramirez's claims for failure to prosecute and failure to comply with the court order. *See, e.g., Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) (describing the five factors relevant to such a determination and concluding that a district court did not abuse its discretion in dismissing plaintiff's claims for failure to comply with a prior order).

First, the public's interest in expeditious resolution of litigation always favors dismissal. *Yourish v. Calif. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the court's need to manage its docket also weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d 639 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]") Third, there is almost no risk of prejudice to the parties for dismissal as I am dismissing

1  Ramirez's claims without prejudice such that she may be able to refile in the future[1]. My

2  decision should not impact the defendant(s)' ability to proceed to trial nor should it threaten to

3  interfere with the rightful decision of the case. Fourth, there are no less drastic alternatives

4  which suffice in this instance, as dismissal without prejudice is the most mild action that I can

5  take with respect to Ramirez's claims. Fifth and finally, public policy favoring disposition of

6  cases on their merits weighs against dismissal, as it always does. *Hernandez v. City of El Monte*, 138

7  F.3d 393, 399 (9th Cir. 1998).

8       Weighing the factors described above, I find that dismissal without prejudice is

9  appropriate with respect to Ramirez's suit. She has not given any indication that she intends to

10 prosecute this suit or comply with the court's prior orders. She did not file objections to Judge

11 Youchah's report and recommendation, nor did she respond to my order accepting the R&R.

12      IT IS HEREBY ORDERED that this suit shall be dismissed without prejudice. The Clerk

13 of Court shall close this case.

14      IT IS SO ORDERED.

15      DATED: March 8, 2023

16

17  _____

18  Cristina D. Silva
    United States District Judge

19

20

21

22

23

24

25

---

26 [1] Ramirez is advised that if she chooses to refile this action, she will be required to pay any associated
   filing fees or comply with this district's requirements for applying *in forma pauperis.*

2